IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) ) ) ) Case No. 14-cv-5755 ) ) Judge Robert M. Dow, Jr. ) |
| *Plaintiffs,* | ) Magistrate Judge Jeffrey Cole ) |
| v. | ) ) |
| FRATE SERVICE, INC., an Illinois corporation, | ) ) ) ) |
| *Defendant.* | ) |

## PLAINTIFFS' MOTION FOR ORDER OF CONTEMPT OF COURT AND ENTRY OF JUDGMENT AGAINST ANTHONY L. REISING AND LACEY L. REISING

NOW COME Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund"), Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund"; collectively with the Health Fund, the "Funds"), and Arthur H. Bunte, Jr., as Trustee, and respectfully request that this Court enter an order: (1) holding Anthony L. Reising and Lacey L. Reising in contempt of Court; and (2) entering judgment against Anthony L. Reising and Lacey L. Reising. In support of this Motion, Plaintiffs state as follows:

**FACTS**

**The Judgment and Citation.**

1. Defendant Frate Service, Inc. ("Frate") is an employer that was obligated to remit fringe benefit contributions to the Funds. (Dkt. No. 9, ¶ 1.)

2. On July 28, 2014, Plaintiffs filed this action against Frate to collect delinquent contributions, interest, penalties, audit fees and costs, attorneys' fees and costs, and post-judgment interest. (Dkt. 1.)

3. On September 23, 2014, this Court entered a Judgment against Frate in favor of the Pension Fund in the total principal amount of $18,061.19, and in favor of the Health Fund in the total principal amount of $859.79, plus post-judgment interest thereon, to be compounded annually (the "Frate Judgment"). (Dkt. 9.)

4. On October 2, 2014, the Clerk of this Court issued a Citation in Supplemental Proceedings to Discover Assets ("Citation") to Frate. The Citation was addressed to Anthony L. Reising ("Mr. Reising") as President of Frate. A true and accurate copy of the Citation is attached hereto as Exhibit A.

5. Pursuant to 735 Ill. Comp. Stat. 5/2-1402(f)(1), the Citation contained the following provision forbidding Frate from transferring assets:

> YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from enforcement of a judgment, a deduction order or garnishment belonging to the judgment debtor or to which he or she or it may be entitled or which may hereafter be acquired by or become due to him or her or it, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until further order of the Court or termination of these proceedings, whichever occurs first.

(Ex. A at 1.)

6. On October 22, 2014, the Citation was served on Frate, through Mr. Reising. A true and accurate copy of the Affidavit of Service of the Citation is attached hereto as Exhibit B.

7. At the time that Frate was served with the Citation, Mr. Reising was the sole shareholder and President of Frate. (Exhibit C, Transcript of Citation Deposition of Anthony L. Reising, conducted June 11, 2018 (hereinafter, "Reising Transcript, Ex. C"), 10:12-24, 11:1-11.)

8. At the time Frate was served with the Citation, Mr. Reising and Lacey L. Reising ("Mrs. Reising"; collectively with Mr. Reising, the "Reisings") were both officers of Frate. (Reising Transcript, Ex. C at 17:15-17, 68:21-24, 69:1-19.)

9. At all times relevant, including at the time Frate was served with the Citation, the Reisings have been the only two individuals with signing authority on Frate's bank account. (Reising Transcript, Ex. C at 36:2-22.)

10. At all times relevant, including at the time Frate was served with the Citation, Mrs. Reising was solely responsible for the handling of Frate's administrative functions, including but not limited to billing matters, payroll, and paperwork. (Reising Transcript, Ex. C at 14:18-24, 15:1-20, 79:13-21.)

**The Post-Citation Transfers.**

11. Mr. Reising sat for his citation deposition on June 11, 2018.[1] (See Reising Transcript, Ex. C.)

12. Frate's document production pursuant to the Citation, and pursuant to a separate Citation to Discover Assets following the Withdrawal Judgment (see footnote 1, *supra*), included certain of Frate's checking account statements as well as certain of the Reisings' checking account statements. (¶¶ 5-8 of Affidavit of Joseph Boblak, attached hereto as Exhibit D (hereinafter, "Boblak Affidavit, Ex. D").)

---

[1] The amount of time elapsed between the service of the Citation and the taking of Mr. Reising's deposition is largely due to the Pension Fund's filing of a separate withdrawal liability suit against Frate in a matter captioned *Central States, Se. and Sw. Areas Pens. Fund, et al. v. Frate Service, Inc.*, Case No. 16-cv-4346 (April 15, 2016) (the "Withdrawal Lawsuit"). The parties opted to postpone the instant action's citation proceedings, pending the result of the Withdrawal Lawsuit. Summary judgment was entered in the Withdrawal Lawsuit in favor of the Pension Fund and against Frate on November 28, 2017 (the "Withdrawal Judgment").

13. These records indicate that during 2016, approximately 65 checks were issued from Frate's account in the total amount of $159,007.18 (the "Post-Citation Transfers"). (Boblak Affidavit, Ex. D, ¶ 10.)

14. Of the 65 checks issued in 2016, 34 are identical in amount to, and were drawn from Frate's account within 1-3 days of, 34 matching deposits into the Reisings' personal account (the "Reising Transfers"). The Reising Transfers individually ranged in amount from $50.00 to $4,600.00, and the combined total amount thereof was $82,683.18. (Boblak Affidavit, Ex. D, ¶ 11.)

15. Thus, it is clear that Frate issued 34 checks in the total amount of $82,683.18 which the Reisings subsequently deposited into their own personal account.

16. Even though the Citation was served on Frate on October 22, 2014, and expressly prohibited Frate from transferring funds, the Reisings, as signatories to Frate's account, continued to make transfers in and out of Frate's account, including the $82,683.18 in checks they wrote to themselves during 2016 alone.

17. While Frate continued to transfer assets and write checks to its own principals in violation of the Citation, it did not pay the Frate Judgment.

## ARGUMENT

18. An individual may be held in civil contempt where he or she is responsible for a violation of "an unequivocal command" set forth in a "decree from the court." *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002). In addition, under Illinois law, which Federal Rule of Civil Procedure 69(a) makes applicable to post-judgment procedures in this court, "corporate officers are obligated to obey judicial orders directed at their corporations, and are liable when they permit the corporation to make non-exempt payments in violation of the

citation." *Laborers' Pension v. A&C Environmental, Inc.*, No. 99 C 8300, 2005 WL 994525, at *2 (N.D. Ill. Apr. 19, 2005) (citation omitted).

19. Here, by violating the Citation's prohibition on transferring assets, the Post-Citation Transfers violated an unequivocal command contained in a standing order of this Court. Accordingly, this Court should hold Anthony L. Reising and Lacey L. Reising in contempt for the Post-Citation Transfers made from Frate's account after service of the Citation, and hold them personally liable for the amount of the Frate Judgment, since the amount of the Post-Citation Transfers exceeds the outstanding amount of the Frate Judgment.

**The Post-Citation Transfers violated the Citation, a standing Court order.**

20. Under Illinois law, properly serving a citation in supplemental proceedings to discover assets creates a lien on all property belonging to the judgment debtor that is in the judgment debtor's possession or control. 735 Ill. Comp. Stat. 5/2-1402(m)(1); *see also, e.g., City of Chicago v. Air Auto Leasing Co.*, 697 N.E.2d 788, 791 (Ill. App. Ct. 1998). The lien is perfected on the date of service. *E.g., In re Sarah Michaels, Inc.*, 358 B.R. 366, 374 (N.D. Ill. 2007).

21. Further, under Illinois law, a citation to discover assets "may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom . . . until the further order of the court or the termination of the proceeding, whichever occurs first. " 735 Ill. Comp. Stat. 5/2-1402(f)(1). Citation proceedings terminate six months after the judgment debtor's representative sits for the Citation deposition. Ill. Sup. Ct. R. 277(f).

22. Here, as discussed, the Citation to Frate expressly prohibited Frate from transferring any assets.

23. Notably, there are only two exceptions to the prohibition against transfer. 735 Ill. Comp. Stat. 5/2-1402(f)(1); *Air Auto Leasing*, 697 N.E.2d at 791. First, there is an exception for

transfers of property exempt from the enforcement of a judgment, such as social security and public assistance benefits. *See* 735 Ill. Comp. Stat. 5/2-1402(b), (f)(1); *Air Auto Leasing*, 697 N.E.2d at 791. The second exception applies to property of the judgment debtor in the hands of third parties which exceeds twice the amount of the balance the judgment creditor seeks to enforce. 735 Ill. Comp. Stat. 5/2-1402(f)(1); *see also, e.g., Air Auto Leasing*, 697 N.E.2d at 791. Neither exception applies here.

24. Further, there is no statutory exception for payment of ordinary business expenses, including professional services. *Bank of Am., N.A. v. Freed*, 971 N.E.2d 1087, 1095 (Ill. App. Ct. 2012); *Air Auto Leasing*, 697 N.E.2d at 791-92; *Laborers' Pens. Fund v. Dominic Jr., Inc.*, No. 02 C 3321, 2003 WL 21310282, at *2-3 (N.D. Ill. June 5, 2003).

25. Thus, the Post-Citation Transfers violated the Citation's prohibition against transferring Frate's assets, because all of them were made after the Citation was served but before the termination of the Citation. Further, none of the Post-Citation Transfers fell under either of the narrow exceptions to the prohibition.

**This Court should hold the Reisings in contempt for the transfers made from Frate's account, and enter judgment against them.**

26. Pursuant to 735 ILCS 5/2-1402(f)(1) and the Illinois Supreme Court Rule 277(h), any person who fails to obey a citation may be held in contempt and the court may enter judgment against the party in the amount of the unpaid portion of the judgment or in the amount of the value of the property transferred, whichever is lesser. *See Shales v. Lanas Constr., Inc.*, No. 07 C 2970, 2010 WL 3842362, at *4 (N.D. Ill. Sept. 24, 2010).

27. As officers of Frate (and in Mr. Reising's case, its sole shareholder), the Reisings were obligated to comply with the provisions of the Citation that prohibited the transfer of assets. *Shales*, 2010 WL 3842362, at *5-6; *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, No. 02 C

7345, 2009 WL 3255236, at *1 (N.D. Ill. Oct. 6, 2009); *Fox Valley Laborers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert Restorations*, No. 94 C 4289, 1996 WL 137654, at *8 (N.D. Ill. March 25, 1996).

28. The Reisings' acts of permitting the transfer of Frate's assets after personal service of the Citation establishes a willful violation of the Citation. *West Bend Mutual Ins. Co. v. Belmont State Co.*, No. 09 C 354, 2010 WL 5419061, at *10-11 (N.D. Ill. Dec. 23, 2010); *Fox Valley Laborers*, 1996 WL 137654, at *8-9.

29. Due to the Reisings' willful disregard of the Citation prohibiting the transfer of Frate's assets, this Court should find them both in contempt in accordance with 735 ILCS 5/2-1402(f)(1) and Illinois Supreme Court Rule 277(h).

30. In addition to a finding of contempt, 735 ILCS 5/2-1402(f)(1) also provides that this Court may enter a judgment against the Reisings, personally, for their failure to obey the Citation "in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser." *See also Shales*, 2010 WL 3842362, at *7-8; *A & C Environmental*, 2005 WL 994525, at *3-4; *Fox Valley Laborers*, 1996 WL 137654, at * 8-9.

31. Pursuant to 735 ILCS 5/2-1402(h), this Court may award the Funds the attorneys' fees and costs incurred in bringing this motion. *Shales*, 2010 WL 3842362, at *7.

32. Under 735 ILCS 5/2-1303, interest on a money judgment accrues at the rate of nine percent (9%) per annum from the date of the judgment until paid in full.

33. On November 7, 2014, the Funds recovered $2,564.81 via garnishment, but no additional amounts have been recovered toward the Frate Judgment. As such, the total amount of $20,684.76 remains unpaid on the Frate Judgment (which amount includes the principal amount

of $20,553.94, plus $130.82 in post-judgment interest thereon through October 23, 2018). (Boblak Affidavit, Ex. D, ¶¶ 12-15.)

34. Here, the amount of the unpaid portion of the Frate Judgment is less than the value of the Post-Citation Transfers. Accordingly, as a remedy for the Reisings' willful failure to comply with the Citation, the Fund requests the entry of a judgment against the Reisings, personally, for: (i) the $20,684.76 outstanding amount of the Frate Judgment (which amount includes the principal amount of $20,553.94, plus $130.82 in post-judgment interest thereon through October 23, 2018); (ii) all attorneys' fees and costs incurred by the Funds in connection with this proceeding; and (iii) interest on the foregoing amounts at the rate of nine percent (9%) per annum from the date of judgment.

WHEREFORE, Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund; Central States, Southeast and Southwest Areas Pension Fund; and Arthur H. Bunte, Jr., trustee, respectfully request that the Court enter an Order as follows:

(a) That Anthony L. Reising and Lacey L. Reising are held in Contempt of Court for violating the Citation that was personally served upon Anthony L. Reising as the president of Frate Service, Inc.;

(b) That a judgment is entered against Anthony L. Reising and Lacey L. Reising, personally, and jointly and severally, for the $20,684.76 that is outstanding on the Frate Judgment, plus all attorneys' fees and costs incurred by the Funds in connection with this proceeding together with the interest on the foregoing amounts at the rate of nine percent (9%) per annum from the date of Judgment;

(c) For other such relief deemed just and proper.

Respectfully submitted,

*/s/ Corey J. Jahner*
Corey J. Jahner (ARDC # 6313125)
Central States Funds Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018
Telephone: (847) 939-2470
E-mail: cjahner@centralstates.org

October 17, 2018          ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, Corey J. Jahner, one of the attorneys for the Plaintiffs, certify that on October 17, 2018, I caused the foregoing *Motion for Order of Contempt of Court and Entry of Judgment against Anthony L. Reising and Lacey L. Reising* to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system. For all other parties, I caused the foregoing *Motion* to be sent on October 17, 2018 via UPS Next Day Air to:

Anthony L. Reising
681 Coon Creek Rd.
Metamora, IL 61548-9327

Lacey L. Reising
681 Coon Creek Rd.
Metamora, IL 61548-9327

*/s/ Corey J. Jahner*
Corey J. Jahner, Esq.
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018
Telephone: (847) 939-2470
E-mail: cjahner@centralstates.org
ARDC No. 6313125

October 17, 2018